UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSPREY MEDIA, LLC,

      *Plaintiff,*

v.

CONNATIX NATIVE EXCHANGE, INC,
    *Defendant.*

CONNATIX NATIVE EXCHANGE, INC,

      *Third Party Plaintiff,*

v.

JOSEPH VELARDO,

      *Third Party Defendant.*

Civil Action No. 24-1662-JPO

**PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following Protective Order ("Order") limiting the disclosure and use of certain discovered information.

IT IS HEREBY ORDERED THAT:

1.   **Definitions**.

(a)    "Action" means the above-captioned litigation.

(b)    "Confidential Information" means all information, Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the

1

foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, their business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including without limitation agreements and contracts; current and future business, product, or strategic plans; financial information; marketing Documents; private personal identifying information; trade secrets; or Documents or information that, if released publicly, would cause embarrassment or damage the reputation of the Producing Party. Any copies or reproductions, excerpts, summaries, or other Documents or media that paraphrase, excerpt, or contain Confidential Information, Highly Confidential Information, or Highly Confidential Source Code shall be treated as Confidential Information, Highly Confidential Information, or Highly Confidential Source Code pursuant to this Order. Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

(c)     "Document" means documents, electronically stored information, items, and things set forth in Federal Rule of Civil Procedure 34(a)(1), Local Rules of the Southern and Eastern Districts of New York 26.3(c)(l) and (c)(2), and writings, recordings, and photographs as defined in Federal Rule of Evidence 1001.

(d)     "Highly Confidential Information" means Confidential Information that is particularly sensitive, private, or competitively valuable, including without limitation financial information, trade secrets, or other competitively sensitive information about future business, product, or strategic plans. Highly Confidential Information is included within the meaning of Confidential Information as used in this Order, and all provisions of this Order that apply to Confidential Information also shall apply to Highly Confidential Information.

(e)     "Parties" collectively means Plaintiff Osprey Media LLC, Defendant/Third Party Plaintiff Connatix Native Exchange, Inc., and Third Party Defendant Joseph Velardo, each individually referred to as a "Party."

(f)     "Non-Parties" collectively means any persons, partnerships, corporations, associations, or other legal entities not named as a Party to this Action.  Each is individually a "Non-Party."

(g)     "Producing Party" means a Party or Non-Party to this Action who produces Documents or Confidential Information in accordance with this Order (collectively, the "Producing Parties").  This Order is binding upon the Producing Party in this Action, including their respective corporate parents, subsidiaries, affiliates, successors, and assigns, and their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Order.

(h)     "Receiving Party" means a Party or Non-Party to this Action who receives Documents or Confidential Information in accordance with this Order (collectively, the "Producing Parties").  This Order is binding upon the Receiving Party in this Action, including their respective corporate parents, subsidiaries, affiliates, successors, and assigns, and their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Order.

(i)     "Review Period" means, for any particular deposition transcript, the period of time that begins upon receipt of the final deposition transcript, or written notification that the final deposition transcript is available and that ends thirty days after such receipt.

(j)     "Source Code" or "Highly Confidential Source Code" shall include machine and human-readable programming language text that defines software. Text files containing Source

3

Code shall hereinafter be referred to as "Source Code Files." Source Code Files include, but are not limited to, files containing source code written in "C," "C#", "Java", "Python", "JavaScript", "Ruby," scripting languages, HTML, and other and similar programming languages. Source Code Files further includes human-readable files used in the generation and/or assembly of the software, such as "include" files, "make" files, "link" files, "build" files, "shell script" files, "docker" files, and configuration file formats, including but not limited to Extensible Markup Language (XML), Extensible Hypertext Markup Language and plain text files. Source Code includes software in the form that it is or has been sold or otherwise provided to the public or the market. Highly Confidential Information embodied in computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means shall also be deemed Highly Confidential Source Code. Highly Confidential Source Code is included within the meaning of Confidential Information as used in this Order, and all provisions of this Order that apply to Confidential Information also shall apply to Highly Confidential Source Code.

  **2.**  **Designating Material as Confidential Information, Highly Confidential Information, or Highly Confidential Source Code.**

  (a)  Any Producing Party may designate any Confidential Information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" that it believes is entitled to such treatment under this Order. Such designation constitutes a representation that such information has been reviewed and that the Producing Party has a good faith basis for the designation. Documents, testimony, or information may be designated as Confidential Information in the following ways:

i.      <u>Documents</u>.  Documents shall be designated as Confidential Information by placing a legend with the applicable words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" on each page of the Document. To the extent that it is not feasible to place a legend on each page of a Document, such Document shall be designated Confidential Information by placing in the Document file name the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE."

ii.     <u>Electronic Copies</u>. Whenever any electronic files bearing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" legends are converted into another file type, all such copies also shall be marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE."  When electronically stored Confidential Information is produced in a native format, the Producing Party shall place the applicable confidentiality designation on the hard drive, DVD, CD, or other media on which such electronically stored information is produced.

iii.    <u>Interrogatory Answers and Responses to Requests for Admissions</u>.  Counsel for the Producing Party will place a statement in the answers or responses specifying that the answers or responses, or specific parts thereof, are designated as either Confidential Information or Highly Confidential Information. Counsel for the Producing Party will place the applicable "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" legend on each page of any set of answers or responses containing Confidential Information, together with a legend stating, "Confidential Information Subject to Protective Order."

5

iv.    <u>Depositions</u>.  Counsel for the Producing Party, the deponent, or counsel for the deponent may designate portions of a deposition transcript (including exhibits) as containing Confidential Information by either (i) identifying such portions on the record or (ii) serving on the Parties a written communication (including without limitation a written communication by letter or email) making that identification before the close of the Review Period.  Prior to and during the Review Period, all transcripts (including, but not limited to, rough and real-time transcripts) and exhibits not previously produced without a confidentiality designation (collectively, the "Deposition Record") shall be treated as Highly Confidential Information under this Order. When any portion of the Deposition Record is designated as containing Highly Confidential Information, any persons, entities, or parties not permitted access to Highly Confidential Information or Highly Confidential Source Code under Paragraph 4 shall no longer be granted access to that portion of the Deposition Record and shall destroy or return any copies of that portion of the Deposition Record in the person, entity, or party's possession or control. Notwithstanding the foregoing, the deponent may review the transcript at any time. A Party shall have the right to change any prior designations of the Deposition Record during the Review Period.  At the close of the Review Period, all then-current designations made on the record or by written communication shall control, subject to a Party's right to contest them as provided in Paragraph 9.  In addition, the applicable confidentiality designation shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information, together with a legend stating, "Confidential Information Subject to Protective Order."   The applicable confidentiality designation also shall be placed on each page of the transcript that contains such Confidential Information.  If all or part of a videotaped deposition is designated as Confidential Information,

the videocassette, videotape container, DVD, or other storage device shall also be labeled with the applicable confidentiality designation.

       3.    **<u>Disclosure of Confidential Information</u>**.

Access to Confidential Information produced under the protection of this Order shall be limited to:

       (a)    Attorneys employed by the law firms of record for the Parties in this Action, as well as such attorneys' respective paralegal, investigative, technical, administrative, secretarial, and clerical personnel, and any outside photocopying, document storage, data processing, or graphic production services employed or retained by them, who are engaged in assisting them in this Action;

       (b)    For each corporate party up to two (2) designated employees who have a need for such disclosure for the purposes of this litigation, and who have executed the Acknowledgment of Stipulated Protective Order ("Acknowledgment") in substantially the same form as annexed hereto as **Exhibit A**; and for individual parties, the person named as a party, but only after executing the Acknowledgment of Stipulated Protective Order ("Acknowledgment") in substantially the same form as annexed hereto as **Exhibit A**;

       (c)    Any outside expert, consultant, or investigator retained by counsel for the Parties for purposes of consulting (including as a mock juror) or testifying in this Action, provided that (i) such outside expert, consultant, or investigator has no financial interest in or a business or personal relationship with any of the Parties or principals thereof (excluding the business relationship formed for the express purpose of providing expert, consulting (including mock jury), or investigative services relating to this Action); (ii) Paragraph 7 of this Order has been complied with; and (iii) such outside expert, consultant, or investigator has executed the Confidentiality

Agreement for Experts, Consultants, or Investigators pursuant to Paragraph 3(c) in substantially the same form as annexed hereto as **Exhibit B;**

(d)     Witnesses, including Non-Party deponents pursuant to Federal Rule of Civil Procedure 30(b)(6), in good faith preparation for, during the course of, or in review of deposition or trial testimony, provided that (i) Paragraph 7 of this Order is complied with and (ii) any such witness either (A) authored, sent, or received the Confidential Information sought to be disclosed in the ordinary course of business unrelated to this Action, or (B) is an employee of the Party that produced such Confidential Information in this Action;

(e)     This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action; and

(f)     Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 7 of this Order has been complied with, and any other person whom the Court directs should have access to the Confidential Information.

**4.     Disclosure of Highly Confidential
        Information or Highly Confidential Source Code.**

(a)     <u>Access</u>.  Access to Highly Confidential Information or Highly Confidential Source Code produced under the protection of this Order shall be limited to:

- Persons identified in Paragraph 3(a) hereof;

- Persons identified in Paragraph 3(c) hereof provided that no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 4(k) of this Order;

- Persons identified in Paragraph 3(d) hereof, but only such persons of the Producing Party who authored, reviewed, had access to, or sent or received the

Highly Confidential Information or Highly Confidential Source Code in the ordinary course of business unrelated to this Action, or who have been designated as party representatives under Rule 30(b)(6) for topics relevant to that document;

- Persons identified in Paragraph 3(e) hereof; and

- Persons identified in Paragraph 3(f) hereof.

Source Code and software, to the extent any Producing Party provides any such information, shall ONLY be made available to persons identified above in this paragraph 4(a) and who have executed the forms attached hereto as **Exhibit A** and **Exhibit B**, and shall ONLY be made available for inspection, and not produced except as provided for below.

(b)     <u>Production of Source Code Computer</u>.  Source Code and software shall be made available in electronic format at the offices of the Producing Party's primary outside counsel of record in this Action, or other mutually agreed upon location subject to any third-party confidentiality obligations.  Source Code will be loaded on a single, standalone, non-networked personal Windows computer that is password protected, maintained in a secure, locked area, and disabled from having external storage devices attached to it ("Source Code Computer").  Use or possession of any input/output device or other electronic device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, etc.) is prohibited while in the room or other area containing the Source Code Computer ("Source Code Review Room").

(c)     <u>Lighting in Source Code Review Room</u>.  The Source Code Review Room shall have no glare from sunlight, and ideally should be windowless/interior office or a room with

window shades that may be closed or opened at will by the Receiving Party. Lights may be turned on or off at will by the Receiving Party.

(d)    Security of Source Code Room. All persons entering the Source Code Review Room must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the Source Code Review Room.  The Producing Party may visually monitor the activities of the Receiving Party's representative(s) during review of Highly Confidential Source Code from outside the Source Code Review Room, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  Such supervision, however, shall not entail review of any work product generated by the Receiving Party (e.g., monitoring the screen of the stand-alone computer, monitoring any surface reflecting any notes or work product of the receiving party, or monitoring the keystrokes of the receiving party).  There will be no video supervision by the Producing Party or any representative thereof.

(e)    Source Code Computer Hardware.  The Source Code Computer shall have a 15" or 17" screen and a bright, glossy display screen, as opposed to a matte or muted screen.

(f)    Source Code Computer Software. The Highly Confidential Source Code shall be produced in Git format.

- The Source Code Computer shall also meet the following software requirements and enable any person identified in paragraph 3(c) to access the following applications: (i) Windows 10; (ii) Windows Notepad; (iii) Windows Command Line; (iv) Windows PowerShell; and (v) All standard Windows command-line commands.

- The Source Code Computer shall have the following minimum accessible Windows settings: (i) Personalization > Colors; (ii) Accessibility > Contrast themes; (iii) Accessibility > Magnifier; (iv) Accessibility > Text size; (v) Accessibility > Visual effects; and (vi) System > Display.

- The Source Code Computer shall include the Source Code stored locally and the following analysis tools for use by any person identified in paragraph 3(c): (i) Command-line and GUI git client(s), such as GitHub, SourceTree, TortoiseGUI, etc, which contain both command-line and GUI apps; (ii) Visual Studio, Community (free) edition; (iii) WinMerge; (iv) Linux-style grep and diff command-line tools, possibly via MinGW or Cygwin; (v) Notepad++; (vi) all tools necessary to view any documents provided; and (vii) A PDF Writer/Printer tool that installs as a Printer device on the machine.

If issues concerning the installation or use of such tools arise, the Parties, and their technical staff, shall meet and confer promptly to resolve such issues.

(g)    <u>Availability</u>.  The Source Code Computer will be made available for up to a total of five business (5) days, not necessarily consecutive, by the Producing Party during normal business hours, providing forty-eight (48) hour written notice prior to each such non-consecutive day. I n addition, the Source Code shall be made available to the Receiving Party at any deposition that the Receiving Party takes of a witness employed or formerly employed by the Producing Party having knowledge of the Source Code or who have been designated as party representatives under Rule 30(b)(6) for topics relevant to the Source Code, or at a deposition of a person identified in paragraph 3(c), provided at least five (5) business days' notice are given to the Producing Party. If

additional review time is needed, the Source Code Computer may be made available on dates and times to be mutually agreed upon.

(h)   <u>Notes</u>. The receiving Party's outside counsel and/or persons identified in Paragraph 3(c) shall be entitled to take notes in a covered notebook relating to the Source Code. Any notes relating to the Source Code will be treated as "HIGHLY CONFIDENTIAL SOURCE CODE," and such designation will be written on the cover of such notebook.  No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code or software from the Source Code Computer, except as provided below.  The Receiving Party shall not create any paper copy or electronic version of any Source Code or any other documents or things reflecting Source Code for any reason.

(i)   <u>Printing of Portions of Code</u>.  The receiving Party may request to print, and the Producing Party shall print or have printed, on watermarked paper, labeled "HIGHLY CONFIDENTIAL SOURCE CODE," and/or colored Bates numbered paper, portions of the Source Code.  The request shall be made by electronically copying the portion of the source code to a separate file on the Source Code Computer and providing notice of the file location to the Producing Party.   In no event may the receiving Party request to print an aggregate total of more than thirty (30) pages, no more than five (5) pages of which may be consecutive, without prior written approval by the Producing Party.  The printing of Source Code shall be made and delivered to the Receiving Party before the end of each day of inspection.   Any additional printed pages of Source Code requested by the receiving Party for the Action will be provided only upon a showing of good cause by the receiving Party.  If the Producing Party objects that the additional printed portions are not relevant to any Party's claim or defense or proportional to the needs of the case, the Producing Party shall make such objection known to the receiving Party within three (3)

business days.  If after meeting and conferring the Producing Party and the receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the receiving Party may seek a Court resolution of whether the additional printed Source Code in question is relevant to any Party's claim or defense and proportional to the needs of the case. Contested Source Code print outs need not be produced to the Requesting Party until the matter is resolved by the Court.

(j)   <u>Restrictions on Use of Printed Copies</u>. Any paper copies designated "HIGHLY CONFIDENTIAL SOURCE CODE" or notes, analyses or descriptions of such paper copies of Source Code shall be stored or viewed only at (i) the offices of outside counsel for the receiving Party, (ii) the offices of persons identified in paragraph 4(a) who have been approved to access Source Code and executed **Exhibit A** and **Exhibit B**; (iii) the site where a deposition relevant to Source Code is taken; (iv) the Court; or (v) any transitory locked receptacle (under the direct control and supervision of a person approved to access the Source Code and who has signed the Protective Order) when necessary to transport the information to a hearing, trial or deposition, <u>except</u> one (1) archival paper copy may be made and stored in a secure location.  Any paper copies used during a deposition shall be retrieved by the receiving Party at the end of each day and must not be given to or left with a court reporter or any other individual.

(k)   <u>Inspecting Expert</u>. A Party desiring to disclose another Party's Highly Confidential Information or Highly Confidential Source Code to a person identified in Paragraph 3(c) of this Order must give prior written notice to the Producing Party, and execute the forms attached hereto as **Exhibit A** and **Exhibit B**.  The written notice must provide the following information about the person to whom Highly Confidential Information or Highly Confidential Source Code is to be disclosed: (i) name, address, curriculum vitae, current employer, employment history for the past

five years; and (ii) a listing of cases in which the person has testified as an expert at trial or by deposition within the preceding four years.  Upon receipt of such written notice, the Producing Party shall have five (5) business days to object in writing, which objection shall be objectively reasonable.  The objection must state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection.  If, after consideration of the objection, the Party who originally gave notice of its intent to disclose Highly Confidential Information or Highly Confidential Source Code to a person identified in Paragraph 3(c) hereof still wishes to proceed with the disclosure, it shall provide written notice to the objecting party. Thereafter, the objecting Party shall move the Court, within five business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the five-business day period shall operate as an approval of the disclosure of Highly Confidential Information or Highly Confidential Source Code to the person at issue.  No Highly Confidential Information or Highly Confidential Source Code shall be disclosed to such person until after the expiration without objection of the notice period or, if the producing or designating Party objects, until after such objection is resolved pursuant to the procedures set forth in this Paragraph 4(k).  No disclosure of Highly Confidential Information or Highly Confidential Source Code to a person identified in Paragraph 3(c) or their necessary support personnel shall occur until (1) that person has signed the form attached hereto as **Exhibit A** and **Exhibit B**, as appropriate, (2) a signed copy has been provided to the Producing Party, and (3) to the extent there has been an objection under this paragraph, that objection is resolved according to the procedures set forth above.  No disclosure of Highly Confidential Information or Highly Confidential Source Code may be provided to a person identified in Paragraph 3(c) that is a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or

employee of a Party or of a competitor of a Party.  No disclosure of Highly Confidential Information or Highly Confidential Source Code may be provided to a person identified in Paragraph 3(c) that is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

(l)    <u>Non-Competition</u>.  Any person identified in paragraph 3(a) and 3(c) who received Highly Confidential Information or Highly Confidential Source Code shall not write or edit software, register copyrights, file patents or prosecute patent applications in the same technology field as the Source Code, i.e., serially presenting multiple audiovisual files, and software on behalf of the receiving Party for a period of one (1) year after final termination of this Action.

**5.    <u>Use of Confidential Information</u>.**

(a)    Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than prosecuting, defending, or settling this Action.  In no event shall Confidential Information be used for any business, competitive, personal, private, public, or other purpose.

(b)    Nothing in this Order shall bar or otherwise restrict an attorney from relying on his or her examination of Confidential Information in rendering advice to his or her client with respect to this matter. In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the content of any Confidential Information unless the client is permitted to receive such information pursuant to this Order.

(c)    A Receiving Party may include excerpts of Highly Confidential Source Code in an exhibit to an expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to

those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

6.     **Non-Application of Order.**

The restrictions set forth in this Order shall not apply to Confidential Information which (i) was, is, or becomes public knowledge, unless in violation of this Order; or (ii) was or is discovered lawfully and independently by the receiving Party. Additionally, the restrictions set forth in this Order do not apply to a Producing Party's use of its own Confidential Information.

7.     **Notification of Confidentiality Order.**

(a)     Confidential Information shall not be disclosed to persons identified in Paragraphs 3(b), 3(c), 3(d), or 3(f) unless and until such persons are provided a copy of this Order and execute an Acknowledgment in substantially the form attached hereto as **Exhibit A.**

(b)     The signed Acknowledgements shall be maintained by the counsel who obtained them until the final resolution of this Action and produced to the other party upon request.

8.     **Preservation of Rights and Privileges.**

(a)     Neither the acceptance by a Party of any Document, material, or information nor the failure of a Party to take action to enforce the terms of this Order shall constitute a concession or admission that the Document, material, or information contains Confidential Information or that that the Document, material, or information is admissible in or relevant to this Action.

(b)     Nothing in this Order shall constitute or be deemed or construed as a waiver of the right of a Party at any time (i) to seek a determination by the Court whether any particular Document, material, or information should be subject to the terms of this Order; (ii) to seek relief from any provision(s) of this Order, either generally or as to any particular Document or other piece of Confidential Information, in whole or in part; (iii) to seek a higher level of protection than provided for by this Order if the Party believes that circumstances warrant that higher level of

16

protection; (iv) to seek Documents or other information from any source; or (v) to object to any discovery request, including the right to assert that no discovery should be had of certain Documents, material, or information.

(c)     Consistent with Federal Rules of Civil Procedure, a party withholding or redacting any material on the grounds of privilege, immunity or any similar claim shall provide to the receiving party a privilege or redaction log.

**9.     <u>Challenging Confidentiality Designations</u>.**

(a)     <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)     <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue-other forms of communication are not sufficient) with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation Within five (5) business days. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

(c)     <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party may follow the procedures set forth in this Court's Individual Rules, or other applicable rule or order of this Court, to obtain relief. Until the Court rules on the challenge, all Parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation.

10. **Duration**.

Even after the termination of this Action, confidentiality obligations under this Order shall remain in effect for each piece of Confidential Information until the Producing Party agrees in writing otherwise or a Court order directs otherwise.

11. **Return/Destruction of Materials**.

Within sixty days after the final resolution of this Action, at the option of the Receiving Party, all Confidential Information, including all copies, abstracts, summaries, whatever form stored or reproduced, all physical objects and documents, which embody Confidential Information it has received, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Confidential Information, (i) shall be destroyed with the receiving Party certifying to the destruction or (i) returned to counsel for the Producing Party.  All Confidential Information not embodied in physical objects and documents shall remain subject to this Order.  Notwithstanding the foregoing sentence, counsel for the receiving Party shall be permitted to maintain one set of complete pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival purposes, subject to the continued protection of this Order.

12. **Inadvertent Disclosure**.

The inadvertent or unintentional disclosure by the Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed to be a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of

Confidential Information, the Producing Party shall designate such information as Confidential Information, Highly Confidential Information, or Highly Confidential Source Code within thirty days. The obligation to treat such Confidential Information as provided for in this Order shall run from the date of designation. Nothing contained within this Paragraph prevents a Party from challenging such a designation of Documents or information pursuant to the procedures described in Paragraph 9.

13.    **Subpoenas.**

Any Party or person in possession of Confidential Information who receives a subpoena or other process from any person or entity who is not a Party seeking production or other disclosure of such Confidential Information, shall promptly and in any case within seven business days give telephonic notice and written notice by e-mail, overnight delivery or facsimile to counsel for the Producing Party who designated the materials as Confidential Information, identifying the materials sought and enclosing a copy of the subpoena or other process. The Party or person receiving the subpoena also shall inform the person seeking the Confidential Information that such information is subject to this Order.   No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of Confidential Information to resist such production or disclosure, or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

14.    **Application to Non-Parties.**

(a)    This Order shall apply to any Non-Party who is obligated to provide discovery, by deposition, production of Documents, or otherwise, in this Action, if that Non-Party requests the

protection of this Order as to its Confidential Information and agrees to be bound by the provisions of this Order by executing an Acknowledgement in substantially the form attached hereto as **Exhibit A.** This Order also shall apply to Non-Parties who are afforded access to Documents or information produced during discovery in this Action, whether by deposition, production of Documents, or otherwise. Such Non-Parties shall execute an Acknowledgment in substantially the form attached hereto as **Exhibit A.**

(b)      Additionally, in the event a Non-Party is compelled to provide discovery in this Action by a subpoena, a Party who believes in good faith that such subpoena may compel disclosure of Confidential Information in connection with which that Party holds a proprietary or other interest, shall promptly so notify the Party serving such subpoena. Such Party may thereupon designate Confidential Information in accordance with Paragraph 2 of this Order. Specifically, with respect to Documents produced in response to a subpoena as to which a Party has given notice under this Paragraph, the Party receiving such Documents shall, upon receipt of said Documents, so advise the Party giving notice. The Party giving notice shall then have seven days to inspect and to designate such Documents for protection in accordance with this Order. Pending such designation, the Documents produced shall be treated as Highly Confidential Information.

**15.    Modification of Order.**

This Order shall not foreclose a Party from moving this Court for an order that any information, Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, within the meaning of this Order are, in fact, not Confidential Information, Highly Confidential Information, or Highly Confidential Source Code or otherwise protectable under Federal Rule of Civil Procedure 26(c). In addition, this Order shall

not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court

for further or additional protective orders, or from agreeing to modification of this Order, subject

to the approval of the Court.  The Order may also be modified by written stipulation signed in ink,

or electronically by the attorneys for the Parties.

      16.    **Reservation of Jurisdiction**.

Upon the final resolution of this Action, the provisions of this Order shall continue to be

binding.   This  Court  expressly  retains  jurisdiction  over  any  request  for  enforcement  of  the

provision of this Order following the final resolution of this Action.

      17.    **Parties Bound**.

This Order is binding on all Parties to this Action, on all Non-Parties who have agreed to

be bound by this Order, and on all other who have signed the Acknowledgement is substantially

the form attached hereto as **Exhibit A**, and shall remain in full force and effect until modified,

superseded, or terminated by consent of the Parties or by an order of the Court.

      18.    **Time**.

All time periods set forth in this Order shall be calculated according to Federal Rule of

Civil Procedure 6, as in effect at the time of this Order's execution.

      19.    **Execution in Counterparts**.

This Stipulation may be executed by the Parties in counterparts.  Scanned or facsimile

signatures will be considered as valid signatures as of the date hereof, although counsel will retain

the original signature pages in case they must be filed with the Court at some time in the future.

DUNNEGAN & SCILEPPI LLC

By *William Dunnegan*
William Dunnegan (WD9316)
wd@dunnegan.com
Richard Weiss (RW4039)

21

rw@dunnegan.com
Attorneys for Osprey Media, LLC
and Joseph Velardo
437 Madison Avenue, 24th Floor
New York, New York 10022
(212) 332-8300


PEARL COHEN ZEDEK LATZER BARATZ LLP


By:

Dated:  Jue

Guy Yonay (GY-3028)
Time Square Tower
7 Times Square, 19th Floor
New York, NY 10036
(646) 878-0800

*Attorneys for Defendant*
  *Connatix Native Exchange,*
*Inc.*


SO ORDERED:


J. PAUL OETKEN
United States District Judge                    July 1, 2024


22

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSPREY MEDIA, LLC,

       *Plaintiff*,

    v.

CONNATIX NATIVE EXCHANGE, INC,
    *Defendant.*

CONNATIX NATIVE EXCHANGE, INC,

       *Third Party Plaintiff,*

    v.

JOSEPH VELARDO,

       *Third Party Defendant.*

Civil Action No. 24-1662-JPO

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

The undersigned has read the attached Stipulated Protective Order ("Order") in *Osprey Media LLC v. Connatix Native Exchange, Inc.*, Civil Action No. 24-1662-JPO (S.D.N.Y.), understands the terms of the Order, and agrees to be bound and fully abide by the terms of the Order. In particular:

(a)    The undersigned will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use, except as authorized by the Order and for the sole purpose of this Action, any information designated as Confidential

Information, Highly Confidential Information, or Highly Confidential Source Code received in this Action.

(b)     The undersigned acknowledges that all Confidential Information, Highly Confidential Information, or Highly Confidential Source Code received and all Documents and things containing information designated as Confidential Information, Highly Confidential Information, or Highly Confidential Source Code are to remain in the undersigned's personal custody until the undersigned's duties have been completed. The undersigned agrees to return or to destroy all such information and all notes containing any such information in accordance with the Order.

(c)     The undersigned is not otherwise currently, regularly, or expecting to be employed by any Party to this Action.

(d)     The undersigned submits to the jurisdiction and venue of the Court and understands that the Court may impose sanctions for any violation of the Order.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated: _____          _____
                                     Signature

                                     _____
                                     Printed Name and Address

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSPREY MEDIA, LLC,

        *Plaintiff*,

    v.

CONNATIX NATIVE EXCHANGE, INC,
    *Defendant.*

Civil Action No. 24-1662-JPO

CONNATIX NATIVE EXCHANGE, INC,

        *Third Party Plaintiff,*

    v.

JOSEPH VELARDO,

        *Third Party Defendant.*

**CONFIDENTIALITY AGREEMENT FOR
EXPERTS, CONSULTANTS, OR INVESTIGATORS**

I, _____, acknowledge and declare that I have received a copy

of the Protective Order ("Order") in *Osprey Media LLC v. Connatix Native Exchange, Inc.*, Civil

Action No. 24-1662-JPO (S.D.N.Y.).  Having read and understood the terms of the Order, I agree

to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose

of any proceeding to enforce the terms of the Order. In the event that I receive confidential Source

Code, I agree not to engage in software development work directly or indirectly intended for

commercial purposes relating to serially presenting multiple audiovisual files for a period of one

year after the issuance of a final, non-appealable decision resolving all issues in the case.


Name of Individual: _____

Present Occupation/job description: _____

Name of Company or Firm:_____

Address:_____

Dated:_____

                                     _____

                                                          [Signature]